SHEPARD, Chief Justice,
concurring.
A few words about the rhetoric of modern death penalty litigation as regards the most common single issue — effective assistance of trial counsel.
*1058 Stephenson’s two lawyers at trial were practitioners well known to the bench and bar. Lead counsel Anthony Long had thirty-five years experience in civil and criminal trial work, including four terms as Prosecuting Attorney for Warrick County, one of Indiana’s fastest-growing jurisdictions and the site of the murders at issue. Co-counsel Dennis Vowels of Evansville had more than a decade of criminal law experience at the time of Stephenson’s trial and had built a respectable reputation in the field of criminal defense. Both had received specialized training in the defense of capital cases.
The defense team went well beyond the lawyers, eventually consisting of six or seven altogether, including a variety of experts, a fact investigator, a mitigation specialist, and paralegals. The year that this team spent defending Stephenson was an intensive one in which the defense enjoyed essentially unlimited resources: a third of a million dollars in lawyer time, $65,000 worth of expert time, and mitigation and paralegal efforts that brought the defense bill to $558,000. The post-conviction record has provided the details of this collective effort at some length.
The contention now before us is that the foregoing defense was “perfunctory.” It is declared “woefully short,” “laughable,” a defense conducted by lawyers who were “willfully uninformed.”
The facts establish otherwise: a seasoned defense team of respected practitioners, aided by a collection of experts and investigators, mounting a defense with the benefit of vast financial resources. Well beyond any notion of what the Sixth Amendment guarantees.
DICKSON, J., joins.